IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LISA WESSON, Individually and as
Representative of the Estate of Robert Harold Wesson,
Deceased; and on behalf of Nicholas Shane Wesson,
Dustin Lane Wesson, Katelynn Leann Wesson, Kenneth
Lane Wesson, and Moreland Jean Wesson                              PLAINTIFF

v.                              Case No. 1:17-cv-1061

LEGACY AUTOMATION, INC.                                            DEFENDANT

**MEMORANDUM OPINION**

Before the Court is Defendant Legacy Automation, Inc.'s Motion for Summary Judgment. ECF No. 44. Plaintiff has filed a response to the motion. ECF No. 49. Defendant has filed a reply. ECF No. 50. The Court finds the matter ripe for consideration.

**I.   BACKGROUND**

Plaintiff alleges that at all relevant times, Robert Harold Wesson ("Mr. Wesson") was an employee of Georgia-Pacific Consumer Products, LLC at its mill in Crossett, Arkansas. Plaintiff, who is Wesson's widow, alleges that on August 11, 2014, while acting in the course and scope of his employment, Mr. Wesson suffered fatal injuries while operating a C-3 paper machine. Plaintiff alleges that Mr. Wesson's accident was caused by defects in the C-3 paper machine and related mechanisms, apparatus, and components.

The C-3 "paper machine" is a collection of machines and related equipment which manufactures paper and prepares it for sale and shipment. The part of the system that creates the paper is known as the "wet end." The paper then enters what is known as a "winder," in which a parent roll of paper is packaged to certain specifications. The third part of the process is known as the "finishing line," in which the rolls are wrapped and moved by a series of conveyors and

related devices to the warehouse.

The machines identified in the complaint (941025-106 and 941025-109) were part of the finishing line and were manufactured by the now-defunct Lamb-Grays Harbor Company. Part 941025-106 is commonly called a bumper, and part 941025-109 is called a diameter sensor. After a roll has been lifted from the floor, the bumper cushions, stops, and receives the roll onto a conveyer where the diameter sensor measures the roll's diameter, which allows the machinery to adjust to the roll's size.

Defendant Legacy Automation, Inc. manufactures and sells capital equipment, but it is primarily involved in the sales and service of capital equipment in pulp and paper mills. Much of the capital equipment that Legacy sells and services was manufactured by the Lamb family of companies, primarily by Lamb-Grays Harbor Company prior to its closure. Defendant's business records indicate that it has occasionally provided parts and servicing to the Crossett mill. However, these records also indicate that Defendant never serviced or provided spare parts for the "106" bumper or "109" diameter sensor.

On August 6, 2020, Defendant filed the instant motion for summary judgment. Defendant contends that it is entitled to summary judgment because it has no relation to the machine at issue and no relation to Lamb-Grays Harbor Company. On September 3, 2020, Plaintiff filed an untimely response to the motion, arguing that the Court should defer its ruling on the motion or deny it pursuant to Federal Rule of Civil Procedure 56(d). Defendant then filed a reply, and the motion is now ripe for the Court's consideration.

## II. STANDARD

The standard for summary judgment is well established. A party may seek summary judgment on a claim, a defense, or "part of [a] claim or defense." Fed. R. Civ. P. 56(a). When a

party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

### III.  DISCUSSION

Defendant argues that it is entitled to summary judgment because it has no relation to the machine that caused harm to Plaintiff and no relation to the manufacturer of said machine. In response, Plaintiff does not address the merits of Defendant's motion but instead argues that she

3

"is unable to present facts essential to justify [her] position" because "Defendant has not provided initial disclosures." ECF No. 49, p. 1. The Court will address this issue first before moving to the merits of Defendant's motion.

### A. Rule 56(d)

Plaintiff contends that she cannot present an opposition to summary judgment without first receiving initial disclosures from Defendant and asks the Court to deny the motion pursuant to Federal Rule of Civil Procedure 56(d). "As a general rule, summary judgment is proper 'only after the nonmovant has had adequate time for discovery.'" *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1049 (8th Cir. 2012) (quoting *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999)). "Under Rule 56(d), a court may defer considering a summary judgment motion or allow time for discovery '[i]f a nonmovant shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition.'" [1] *Anzaldua v. Ne. Ambulance & Fire Prot. Dist.*, 793 F.3d 822, 836 (8th Cir. 2015) (quoting Fed. R. Civ. P. 56(d)).

"This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment." *Hamilton*, 687 F.3d at 1050 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). As the Eighth Circuit has noted, the rule "should be applied with a spirit of liberality." *United States ex rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002).

A Rule 56(d) motion, however, "is not a shield that can be raised to block a motion for

---

[1] Rule 56(d) was formerly Rule 56(f). On December 1, 2010, the Federal Rules of Civil Procedure were amended, and Rule 56(f) became Rule 56(d), without any other substantial change. *See Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 792 (8th Cir. 2012). "[T]he case law developed under the 56(f) version remains controlling precedent." *Fraserside IP L.L.C. v. Youngtek Sols. Ltd.*, No. C11-3005-MWB, 2012 WL 2906462, at *2 (N.D. Iowa July 16, 2012).

summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Duffy v. Wolle*, 123 F.3d 1026, 1040 (8th Cir. 1997); *see also Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) ("[Rule 56(d)] does not condone a fishing expedition."). A nonmovant seeking relief under Rule 56(d) must do more than speculate that it may discover additional facts that would overcome a motion for summary judgment and must submit an affidavit showing "what specific facts further discovery might unveil." *Stanback v. Best Diversified Prods.*, 180 F.3d 903, 911 (8th Cir. 1999). "Where a party fails to carry [its] burden under Rule [56(d)], 'postponement of a ruling on a motion for summary judgment is unjustified.'" *Id.* (quoting *Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993)).

"A party's vigilance to prepare its case in a timely manner is relevant to whether relief is available under Rule 56(d)." *Day v. Trucking Servs., Inc.*, No. 4:09-cv-0031-SWW, 2012 WL 3637930, at *3 (E.D. Ark. Aug. 23, 2012) (citing *Beatty v. Synthes*, 101 Fed. App'x. 645, 2004 WL 1434860, at *1 (8th Cir. 2004)). Indeed, courts have found cause to deny a nonmovant's request for Rule 56(d) relief when the request comes after the close of discovery. *See id.*

The present case was filed in October 2017. Defendant filed its summary judgment motion on August 6, 2020. On September 3, 2020, ten days before the discovery deadline, Plaintiff asserts in an untimely response to a summary judgment motion that she has not received initial disclosures from Defendant.[2] The discovery deadline in this case expired on September 13, 2020, and Plaintiff never filed a motion to compel regarding the initial disclosures. Further, Plaintiff has failed to state what specific facts that these initial disclosures might unveil and has not filed a supporting affidavit or declaration as required by Federal Rule of Civil Procedure 56(d). Plaintiff has had

---

[2] In its reply, Defendant states that it has provided initial disclosures to Plaintiff. Defendant further states that Plaintiff has not provided initial disclosures. ECF No. 50, p. 1. Nothing in the record shows that either Plaintiff or Defendant has received initial disclosures, so the Court is unable to determine whether the parties have made initial disclosures. The Court notes that the deadline for making initial disclosures was July 2, 2018.

more than adequate time to engage in discovery and has not been vigilant in preparing its case in a timely manner. Accordingly, the Court finds no reason to delay its ruling on Defendant's summary judgment motion.

### B. Undisputed Facts

As a preliminary matter, the Court must address Plaintiff's failure to establish any genuine disputes of material fact. The Court may deem undisputed a movant's asserted fact if it is not properly controverted by the nonmovant. Fed. R. Civ. 56(e); *see also* Local Rule 56.1(c) (providing that a movant's asserted facts will be deemed admitted if they are not controverted by the nonmovant's own statement of disputed material facts). A party asserting a genuine dispute of material fact must support the assertion by either citing to materials in the record or by showing that the cited materials do not establish the absence or presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1).

The Court finds that Plaintiff has failed to properly controvert Defendant's asserted facts under Federal Rule of Civil Procedure 56(c) and Local Rule 56.1. Plaintiff has not filed a statement of disputed facts in accordance with Rule 56(c) and Local Rule 56.1. Accordingly, all facts asserted in Defendant's statement of facts are deemed admitted for summary judgment purposes.[3] *Spence v. Union Pac. R.R. Co.*, No. 3:17-cv-3074-TLB, 2019 WL 1281244, at *1 (W.D. Ark. Mar. 20, 2019) (deeming admitted the summary judgment movant's asserted facts when the nonmovant failed to controvert them as required by Local Rule 56.1).

### C. Merits of Defendant's Motion

Defendant argues that it is entitled to summary judgment because it did not manufacture,

---

[3] In the present case, Defendant's Statement of Uncontested Facts (ECF No. 48) does not cite to materials in the record. However, Defendant restates these same facts along with citations to materials in the record in the brief in support of its summary judgment motion. ECF No. 45, pp. 1-4.

service, or otherwise control the machine or machines that caused harm to Plaintiff. Defendant further asserts that it has no relation to these machines or to the manufacturer of these machines. Plaintiff has not responded to this argument.

Plaintiff's claims are product liability claims under Arkansas law. The term "product liability action" is defined by statue in Arkansas and "includes all actions brought for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging, or labeling of any product." Ark. Code Ann. § 16-116-202(5). This broad definition encompasses Plaintiff's various claims regardless of her theory of recovery.[4] *See Bell v. Pfizer, Inc.*, 716 F.3d 1087, 1093 (8th Cir. 2013) (applying Arkansas law) (Arkansas law "treat[s] all product liability actions consistently, regardless of the theory of recovery").

A basic requirement of product liability claims under Arkansas law is product identification, which means that the actual product manufactured or distributed by the defendant caused injury to the plaintiff. *See id.* at 1092; *Chavers v. General Motors Corp.*, 349 Ark. 550, 563 (2002) (holding plaintiff could not prevail on product liability action where there was no proof he used defendant's product). Thus, for Plaintiff to prevail in this case, she must show that a product manufactured or distributed by Defendant caused Mr. Wesson's injuries.

The undisputed facts of this case demonstrate that the machine or machines identified by Plaintiff as causing Mr. Wesson's injuries have no connection to Defendant. Plaintiff has not identified any machine or equipment that was manufactured, designed, or influenced by Defendant. In fact, the identification plate on the machines identified in the complaint indicate

---

[4] Plaintiff names the following claims in the complaint: (1) design defect; (2) strict products liability; (3) products liability—manufacture and assembly; (4) products liability—general negligence; (5) failure to warn; (6) breach of warranty; and (7) negligence. ECF No. 4. At the core of Plaintiff's complaint is the contention that Mr. Wesson's injuries were caused by the faulty manufacture or design of a product.

that Lamb-Grays Harbor Company was the manufacturer and/or seller of the equipment at issue. ECF No. 4, ¶ 19. There is no evidence in the record showing a connection between Defendant and Lamb-Grays Harbor Company that would allow one company's conduct to be imputed to the other. Further, there is no evidence that Defendant serviced, inspected, or tested the machines and equipment at issue. There is simply a lack of proof concerning the involvement of Defendant in this case. Accordingly, Plaintiff cannot meet her product identification burden, and thus this product liability action must fail.

## IV.  CONCLUSION

For the above-stated reasons, the Court finds that Defendant's Motion for Summary Judgment (ECF No. 44) should be and hereby is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 16th day of November, 2020.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge
